1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marvin H. Kleinberg  (State Bar No.  24,953)
mkleinberg@kleinberglerner.com
Michael Hurey (State Bar No. 139,550)
mhurey@kleinberglerner.com
Steven J. Kim (State Bar No. 297,235)
skim@kleinberglerner.com
Bradford E. Mattes (State Bar No. 159,004)
bemattes@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone:  310- 557-1511
Facsimile:   310- 557-1540

Attorneys for Plaintiff
VINOTEMP INTERNATIONAL CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| VINOTEMP INTERNATIONAL CORPORATION, a California corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>LA CROSSE TECHNOLOGY, LTD. a Wisconsin Corporation,<br><br>          Defendant.<br>_____ | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiff VINOTEMP INTERNATIONAL CORPORATION ("Vinotemp"), for its Complaint against Defendant LA CROSSE TECHNOLOGY, LTD. ("La Crosse") alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for patent infringement arising under the Patent Laws, 35 U.S.C. §§101 *et. seq*.

2.      This Court has exclusive subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over La Crosse because La Crosse has committed one or more of the infringing acts here in California and in this district, La Crosse has made sales in California and in this district, and La Crosse regularly conducts business in California and in this district.

4.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b), and 1400(b).

## PARTIES

5.      Plaintiff Vinotemp is a corporation organized and existing under the laws of the State of California, with its principal place of business at 17631 S. Susana Road, Rancho Dominguez, California, 90221.  Vinotemp is an industry leader in the field of wine cellars, wine cooling units, wine storage cabinets, and wine storage management and monitoring devices.

6.      On information and belief, defendant La Crosse is a foreign business corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 2809 S. Losey Blvd., La Crosse, Wisconsin, 54601.

## FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,710,985)

7.      Vinotemp incorporates by reference the allegations contained in paragraphs

---

COMPLAINT FOR PATENT INFRINGEMENT

1 - 6 above.

8.     On April 29, 2014 United States Letters Patent No. US 8,710,985 B2 (the "'985 Patent") were issued to Vinotemp for an invention in a Wine Cellar Alarm System. Vinotemp owned the '985 Patent throughout the period of La Crosse's infringing acts and still owns the '985 Patent.  A true and correct copy of the '985 Patent is attached hereto as Exhibit 1.

9.     La Crosse has infringed the '985 Patent, and is still infringing the '985 Patent, by making, using, offering to sell, and/or selling one or more products that embody and infringe the patented invention, and La Crosse will continue to do so unless enjoined by this Court.  One such product that infringes the '985 Patent is shown on a webpage from the La Crosse website.  The infringing product is identified on that webpage as a "Wine Cellar Wireless Remote Temperature & Humidity Monitor with Early Warning Alerts" bearing La Crosse model number D111.E1.BP.WI.  A true and correct printout of that webpage is attached hereto as Exhibit 2.

10.     The application for the '985 Patent was published on December 17, 2009 as Pub. No. US 2009/0309719 A1 (the "'719 Application").  On information and belief, by no later than October 31, 2012, La Crosse had actual notice of the '719 Application. Therefore, under 35 U.S.C. §154(d), Vinotemp is entitled to damages in an amount no less than a reasonable royalty from the date of its actual notice to La Crosse of the '719 Application.

11.     Vinotemp has given defendant La Crosse written notice of the infringement. A copy of Vinotemp's letter in this regard is attached hereto as Exhibit 3.

12.     As a direct and proximate result of the foregoing acts of La Crosse, Vinotemp has suffered monetary damages in an amount not yet determined, but not less than a reasonable royalty.  Vinotemp is entitled to an award of monetary damages under 35 U.S.C. §284.

13.     On information and belief that La Crosse had actual notice of the '719 Application and '985 Patent, La Crosse's continuing acts of infringement are in conscious

and willful disregard of Vinotemp's rights and constitute willful infringement entitling Vinotemp to an award of treble damages under 35 U.S.C. §284.

14.     La Crosse's conduct and actions make this an exceptional case under 35 U.S.C. §285 thereby entitling Vinotemp to an award of its reasonable attorney's fees.

## VINOTEMP'S DEMANDS

Therefore, Vinotemp respectfully demands judgment in its favor and against La Crosse, such judgment including without limitation:

A.     A finding that the '985 Patent is valid and enforceable;

B.     A finding that La Crosse is liable for infringement of the '985 Patent;

C.     A preliminary and permanent injunction pursuant to 35 U.S. C. §283 enjoining La Crosse, and all of its affiliates, subsidiaries, officers,  employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of La Crosse from infringing, inducing infringement of or contributing to the infringement of the '985 Patent;

D.     An accounting for damages and an award of damages resulting from La Crosse's infringement of the '985 Patent in an amount not less than a reasonable royalty pursuant to 35 U.S.C. §284;

E.     An award of a reasonable royalty for infringement after receiving notice of the publication of the Application.

F.     Increasing the damages by three times the amount found or assessed as authorized by 35 U.S.C. §284;

G.     A finding that La Crosse's continuing patent infringement has been willful and that La Crosse's actions and conduct make this an exceptional case under 35 U.S.C. §285;

H.     Awarding Vinotemp its reasonable attorneys' fees pursuant to 35 U.S.C. §285;

I.     Awarding Vinotemp prejudgment interest and post-judgment interest on the

damages;

    J.    Awarding Vinotemp its costs and expenses incurred in connection with this action; and

    K.    Such other and further relief as to the Court deems just.


                              KLEINBERG & LERNER, LLP


DATED:  August 1, 2014          By: /s/ Marvin H. Kleinberg
                                    Marvin H. Kleinberg
                                    Michael Hurey
                                    Steven J. Kim
                                    Bradford E. Mattes
                                    Attorneys for Plaintiff VINOTEMP
                                    INTERNATIONAL CORP.

- 5 -

COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Vinotemp demands a jury trial on all issues that are triable to a jury as a matter of right.

KLEINBERG & LERNER, LLP

DATED:  August 1, 2014          By: /s/ Marvin H. Kleinberg
                                        Marvin H. Kleinberg
                                        Michael Hurey
                                        Steven J. Kim
                                        Bradford E. Mattes
                                        Attorneys for Plaintiff VINOTEMP
                                        INTERNATIONAL CORP.

COMPLAINT FOR PATENT INFRINGEMENT